1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIELLE MACY STEEL,

11          Plaintiff,                    No. CIV S-07-2528 LKK EFB PS

12      vs.

13   SACRAMENTO COUNTY,
     YOLO COUNTY                          ORDER
14
            Defendants.
15   _____/

16          This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to

20   prepay fees and costs or give security therefor.  Accordingly, the request to proceed *in forma*

21   *pauperis* will be granted.  28 U.S.C. § 1915(a).

22          A determination that plaintiff may proceed *in forma pauperis* does not complete the

23   required inquiry, however.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss

24   the case at any time if it determines the allegation of poverty is untrue, or if the action is

25   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

26   relief against an immune defendant.

                                          1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the

3    Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

4    statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

5    fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*

6    *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41

7    (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

8    more than labels and conclusions, and a formulaic recitation of a cause of action's elements will

9    not do.  Factual allegations must be enough to raise a right to relief above the speculative level

10   on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

11   Upon review of the complaint, the court has determined that it fails to comply with Rule

12   8(a)(2), as it fails to set forth a short and plain statement showing entitlement to relief.  It also

13   fails to satisfy the requirement of Rule 8(a)(1) and (3), as it does not include the grounds upon

14   which the court's jurisdiction rests or a demand for relief.  Fed. R. Civ. P. 8(a).

15   A federal court is a court of limited jurisdiction, and may adjudicate only those cases

16   authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S.

17   375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer

18   "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

19   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

20   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

21   authorized by a federal statute that both regulates a specific subject matter and confers federal

22   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

23   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

24   matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

25   *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

26   of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78.  Lack of

1  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*

2  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

3        Here, plaintiff does not allege any facts at all, let alone any that would establish this

4  court's jurisdiction.  Plaintiff likewise does not state what her claim is, nor does she demand any

5  relief.  Plaintiff merely submits a complaint form containing instructions for filing a civil

6  complaint.  For these reasons, the court must dismiss the complaint.  However, the court will

7  grant plaintiff leave to file an amended complaint that complies with Rule 8 and corrects the

8  deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

9  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

10  their complaints).

11        If plaintiff chooses to file an amended complaint, she is informed that the court cannot

12  refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220

13  requires that an amended complaint be complete in itself.  This is because, as a general rule, an

14  amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

15  Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves

16  any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the

17  original complaint which are not alleged in the amended complaint," *London v. Coopers &*

18  *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

19  are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

20        Accordingly, IT IS ORDERED that:

21       1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

22       2.  Plaintiff's complaint is dismissed with leave to amend; and,

23       3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

24  complaint.  The amended complaint must bear the docket number assigned to this case and must

25  be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended

26  ////

1  complaint. Failure to timely file an amended complaint in accordance with this order will result

2  in a recommendation this action be dismissed.

3  DATED:  December 3, 2007.

4

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26